UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
BERNADETTE CHARLES and PIERRE-GESNER
JEAN,

                     Plaintiffs,                    NOT FOR PUBLICATION

              v.                        **MEMORANDUM & ORDER**
                                                      16-CV-6589 (MKB)
ACS KINGS, TRACY NICOLE, CPS BROOKER
CLOVER, SUPERVISOR CPS MAXWELL
SHARON, and ALL ACS STAFF IN THE OFFICE,

                     Defendants.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge.

      Plaintiffs Bernadette Charles and Pierre-Gesner Jean, proceeding *pro se*, commenced the above-captioned action on August 24, 2016,[1] against Defendants the New York City Administration of Children's Services for Kings County ("ACS"), Tracy Nicole, Child Protective Services ("CPS") Brooker Clover, Supervisor CPS Sharon Maxwell[2] and "all ACS staff in the office."[3] (Compl. 1, Docket Entry No. 3.)  Plaintiffs seek relief pursuant to 42 U.S.C. § 1983, alleging wrongful removal of their children from their custody and violation of their parental rights.  (*Id*. at 4.)  Plaintiffs separately move for leave to proceed in forma pauperis, and

---

    [1] Plaintiffs originally filed the case in the Southern District of New York, and it was later transferred to this Court by order dated November 21, 2016.  (Docket Entry No. 4.)  Because the Complaint is not consecutively paginated, the Court's citations refer to the page numbers assigned by the electronic document filing system.

    [2] In the narrative of Plaintiffs' Complaint, Maxwell's first name is listed as Sharon rather than Saron as listed in the caption of the Complaint.  (Compl. 2)  The Court uses the name Sharon throughout the Memorandum and Order.

    [3] Plaintiffs also list Jeanie Fougere as a Defendant but do not include Fougere in the Complaint caption.  (*Id*. at 2.)

the Court grants both applications pursuant to 28 U.S.C. § 1915(a). (Pls. Mots. for Leave to Proceed *in forma pauperis*, Docket Entry Nos. 1, 2.) For the reasons discussed below, the Court dismisses Plaintiffs' claims against "ACS Kings" and "all ACS staff in the office" and dismisses in part Plaintiffs' remaining claims for failure to state a claim for relief. Plaintiffs are granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

The following facts are taken from the Complaint and are accepted as true. ACS removed Plaintiffs' children[4] from their custody at approximately 8:00 PM on May 8, 2014, without a court order or other permission. (Compl. 3.) ACS "supervisor CPS case worker Brooker Glover" took the children from their home located at 872 East 35th Street in Brooklyn, New York and ACS supervisor Sharon Maxwell "gave ok to the case worker" for the removal. (*Id.*) The removal was based on a report made by their landlord that there was insufficient room for their children to sleep. However, the landlord had rented Plaintiffs' living room and the "front part of the apartment" to different tenants. (*Id.*) The landlord made the report after he learned that "311 was coming" because the landlord had not made certain necessary repairs to the apartment. (*Id.*) Although it is not entirely clear from the Complaint, it appears that Plaintiffs' children were in ACS custody from May 8, 2014 through May 11, 2014. (*Id.*) Plaintiffs were involved in family court proceedings from May 8, 2014 through April 15, 2015, and allege that the accusations against them could not be "prove[n] at trial." (*Id*. at 4.) Plaintiffs seek $600 million in damages. (*Id*.)

---

[4] Plaintiffs allege they are "a family of six" but do not indicate the number of children removed from the home. (Compl. 4.)

2

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). The Court must liberally construe a *pro se* complaint "to raise the strongest arguments they suggest." *Wiley v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

### b. Section 1983 claims

Under Section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting Section 1983); *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). To establish a viable Section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

### i. ACS

Plaintiffs cannot sue ACS but instead must name the City of New York as the defendant. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter, chap. 17 § 396. This provision "has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159–60 (2d Cir. 2008) (per curiam); *see also Thomas v. City of New York*, No. 15-CV-3236, 2015 WL 9412543, at *3 (E.D.N.Y. Dec. 22, 2015) (dismissing claims pursuant to 28 U.S.C. § 1915(e)(2)(B) against ACS for failure to state a claim because ACS is not a suable entity); *Worrell v. City of New York*, No. 12-CV-6151, 2014 WL 1224257,

at *3 (E.D.N.Y. Mar. 24, 2014) (dismissing claims against ACS pursuant to Section 396 of the New York City Charter and explaining that a suit against an employee of ACS in his official capacity is a suit against ACS); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) (dismissing claims against ACS because it is an "agenc[y] of the City" and not a suable entity).

Even if the Court were to construe the Complaint to include a claim against the City of New York, such a claim would also be subject to dismissal, as it is well-settled that a municipality can only be sued under Section 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). The Complaint contains no such allegations of a policy, custom, or practice on the part of New York City that might plausibly have caused the alleged constitutional harm to Plaintiffs. Accordingly, Plaintiffs' claims against ACS are dismissed.

### ii. Certain individual defendants

In order to establish a defendant's individual liability in a suit brought under Section 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional deprivation. *See Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006))); *Grullon v. City of New Haven*, 720 F.3d 133, 138–139 (2d Cir. 2013) (dismissing claims against a supervisor for failure to adequately plead his involvement).

Moreover, liability under Section 1983 cannot be generally imposed on a supervisor solely based on his position because there is no respondeat superior or vicarious liability under Section 1983. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through

the official's own individual actions, has violated the Constitution." (citing *Monell*, 436 U.S. at 658); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."); *see also Shaw v. Prindle*, --- F. App'x ---, ---, 2016 WL 4578630, *1 (2d Cir. Sept. 1, 2016) (citing factors from *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) to establish supervisory liability in the absence of direct involvement).

Plaintiffs' claims against Nicole, Fougere[5] and "all ACS staff in the office" must be dismissed because Plaintiffs fail to allege how Nicole, Fougere or each member of the ACS staff personally participated in the alleged wrongful removal and deprivation of their parental rights. *See Iqbal*, 556 U.S. at 676–78 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, violated the Constitution."); *Victory*, 814 F.3d. at 67. Accordingly, Plaintiffs' claims against Defendants Nicole, Fougere and "ACS staff in the office" are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### iii. Failure to state a claim

Plaintiffs remaining claims allege constitutional violations by Clover and Maxwell. Plaintiffs assert that the two defendants wrongfully removed their children and violated their parental rights, (Compl. 3), which the Court liberally construes as claims alleging violations of both procedural and substantive due process, respectively.

"The state's removal of a child from his or her parent may . . . give rise to a variety of cognizable constitutional claims." *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir.

---

[5] Fougere is not included in the caption of the Complaint, and to the extent Plaintiffs seek to bring a cause of action against Fougere in any amended complaint, Fougere should be listed in the caption of any amended complaint.

2012). Parents have a fundamental liberty interest in the care, custody, and control of their children. *See Troxel v. Granville,* 530 U.S. 57, 65 (2000); *McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1, 2 (2d Cir. 2013); *Tenenbaum v. Williams,* 193 F.3d at 592, 599 (2d Cir. 1999).

### 1. Procedural due process

In order to prevail on a Fourteenth Amendment procedural due process claim, a plaintiff must show (1) that she possessed a protected liberty or property interest of which she has been deprived; and (2) that the procedures afforded to her were not constitutionally sufficient. *Victory*, 814 F.3d. at 67 (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "As a general rule . . . before parents may be deprived of the care, custody, or management of their children without their consent, due process – ordinarily a court proceeding resulting in an order permitting removal – must be accorded to them." *Nicholson v. Scoppetta,* 344 F.3d 154, 171 (2d Cir. 2003) (quoting *Tenenbaum,* 193 F.3d at 593). In the context of child removal proceedings, procedural due process prevents state actors from depriving a parent of the custody of his/her children without a pre-deprivation hearing unless the children are "immediately threatened with harm." *Hollenbeck v. Bovert*, 330 F. Supp. 2d 324, 332 (S.D.N.Y. 2004). In emergency circumstances, however, a child may be taken into custody "by a responsible State official without court authorization or parental consent" and in that case a parent is only entitled to due process post-removal. *Southerland*, 680 F.3d at 149 (quoting *Tenenbaum*, 193 F.3d at 594). Exigent circumstances include, but are not limited to, "the peril of sexual abuse[,]" the "risk that children will be 'left bereft of care and supervision,'" and "immediate threat[s] to the safety of the child." *Southerland*, 680 F.3d at 149 (quoting *Hurlman v. Rice*, 927 F.2d 74, 80 (2d Cir. 1991)). However, absent exigent circumstances, the government must seek parental consent or court approval where time allows prior to removing a child. *Tenenbaum,* 193 F.3d at 593.

Liberally construing Plaintiffs claim for "wrongful removal," (Compl. 4), Plaintiffs appear to assert a claim for deprivation of procedural due process based on failure to provide adequate pre-removal procedures. Plaintiffs assert that Defendants Clover and Maxwell removed their children without their permission or a court order. (*Id.* at 3.) Plaintiffs do not contest that their children did not have adequate sleeping space, as they admit that their landlord rented out their living room and another portion of their apartment to other tenants. (*Id.*) As a result, it is not clear from the Complaint whether Plaintiffs are alleging that the removal was effectuated without evidence of exigent circumstances, although — liberally construing the Complaint — that appears to be the inference Plaintiffs attempt to draw. Accordingly, because Plaintiffs are proceeding *pro se*, the Court construes the Complaint to state a claim for deprivation of procedural due process based on inadequate pre-removal proceedings. However, Plaintiffs' statement that family court proceedings commenced on May 8, 2014, is inconsistent with Plaintiffs' allegation that no proceedings were initiated prior to the removal of the children given the removal occurred at 8:00 PM, well after the family court closed, (*id.* at 4), and Plaintiffs would be well advised to clarify the inconsistency and include facts as to the conditions of the home that did not warrant emergency removal in any amended complaint they may choose to file.

In addition to asserting a claim for deprivation of pre-removal due process, Plaintiffs also assert that they were involved in family court proceedings for one year beginning on the date of the children's removal from the home. (*Id.* at 3.) It is not clear if Plaintiffs are challenging the due process afforded to them by those post-removal proceedings, as they do not allege any particular details regarding the time, place or substance of those hearings. Any procedural due process claim based on inadequate post-removal proceedings is dismissed, as Plaintiffs do not include any allegations that the family court proceedings following removal violated their due

8

process rights. *See Trotman v. Louis*, No. 15-CV-2575, 2016 WL 6906705, at *2 (E.D.N.Y. Nov. 22, 2016) (dismissing a complaint for failure to state a claim for a violation of procedural due process where the plaintiffs had actively participated in family court proceedings). Plaintiffs are granted leave to file an amended complaint to clarify the basis of a procedural due process claim and provide sufficient factual details supporting any claim for deprivation of post-removal due process. For example, Plaintiffs should specify the dates and times of family court hearings and the substance of the issues discussed at the hearings to the extent either forms the basis of Plaintiffs' claim.[6]

### 2. Substantive due process

Parents have a "substantive right under the Due Process Clause to remain together [with their children] without the coercive interference of the awesome power of the state." *Southerland,* 680 F.3d at 142 (alteration in original) (quoting *Tenenbaum,* 193 F.3d at 600). Accordingly, "a parent may also bring suit under a theory of violation of his or her right to substantive due process," but only "if the removal of the child 'would have been prohibited by the Constitution even had the [parents] been given all the procedural protections to which they were entitled.'" *Id*. (alternation in original) (quoting *Tenenbaum,* 193 F.3d at 600). Only removals that are "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection" rise to the level of a substantive due process violation. *Cox v. Warwick Valley Cent. Sch. Distr*., 654 F.3d 267, 275 (2d Cir. 2011) (quoting *Tenenbaum*, 193 F.3d at 600). Brief removals of a child "generally do not rise to the level of a substantive due process violation, at least where the purpose of the

---

[6] In New York State, due process is afforded according to the procedures set forth in Section 1028 of the Family Court Act. *See Trotman v. Louis*, No. 15-CV-2575, 2016 WL 6906705, at *2 (E.D.N.Y. Nov. 22, 2016) (citing *Matter of Forrest S.-R (Shirley X.S.)*, 954 N.Y.S.2d 482, 483 (App. Div. 2012)).

removal is to keep the child safe during investigation and court confirmation of the basis for removal.'" *Southerland*, 680 F.3d at 153 (quoting *Nicholson*, 344 F.3d at 172).

In claiming that their parental rights have been violated, (Compl. 3), Plaintiffs appear to assert a substantive due process claim. Plaintiffs appear to allege their children were removed from their custody for four days. (*Id*.) As a matter of law, a removal of only four days does not rise to the level of a violation of a parent's substantive due process rights. *See Southerland*, 680 F.3d at 154–55 (holding that a four-day separation "was not so long as to constitute a denial of substantive due process"); *see also Green ex rel. T.C. v. Mattingly*, No. 07-CV-1790, 2010 WL 3824119, at *10 (E.D.N.Y. Sept. 23, 2010) (four-day removal of child during ACS investigation did not violate substantive due process). Accordingly, Plaintiffs' claim for deprivation of substantive due process is dismissed, and Plaintiffs are granted leave to amend. In any amended complaint, Plaintiffs should clarify the length of time the children were removed from their custody.

### III. Conclusion

Accordingly, it is hereby ordered that all of Plaintiffs' claims against Defendants ACS Kings, Nicole, Fougere and all ACS staff in the office are dismissed. In addition, Plaintiffs' claims alleging violations of procedural due process based on post-removal proceedings and substantive due process are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiffs are granted thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

If Plaintiffs choose to file an amended complaint, they must plead sufficient facts to allege a violation of their constitutional rights. Plaintiffs should name as proper defendants those individuals who have personal involvement in the violations they allege in the amended complaint. If Plaintiffs wish to bring a claim against a defendant and they do not know the name

of the individual, they may identify each defendant as John or Jane Doe, and to the best of their ability describe each individual, including their title and place of employment. For each defendant named, the statement of facts should include a brief description of what each defendant did or failed to do, and how those acts or omissions caused Plaintiffs' injury. Plaintiffs are advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Memorandum and Order.

If Plaintiffs fail to amend their complaint within thirty days as directed by this Memorandum and Order, the Court will dismiss all claims except Plaintiffs' procedural due process claim based on inadequate pre-removal process. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: January 24, 2017
       Brooklyn, New York